**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PHI Aviation LLC, | No. CV-24-03418-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Precision Heli-Support LLC, | |
| Defendant. | |

At issue is Defendant Precision Heli-Support LLC's Notice of Removal (Doc. 1, Notice of Removal). The Court has reviewed the Notice of Removal and finds that Defendant has not sufficiently alleged that the Court has subject matter jurisdiction over this matter. The Court will therefore remand this matter to state court.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal, including the Court's subject matter jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Here, Defendant has asserted diversity jurisdiction as the basis for removal. (Notice of Removal ¶ III.A.) Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). As the Court has stated in numerous previous Orders based on a 2006 decision of the Ninth Circuit Court of Appeals, for the purpose of determining diversity of

1  citizenship, "an LLC is a citizen of every state of which its owners/members are citizens."
2  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Relatedly,
3  if the owners/members of an LLC are other LLCs, the citizenship of the LLC is every state
4  of which the owners/members of the owner/member LLCs are citizens.

5        In the present case, according to the Notice of Removal, both Plaintiff and
6  Defendant are LLCs. And yet, for the purpose of alleging diversity of citizenship,
7  Defendant alleges that Plaintiff is "organized under the laws of Texas with a principal place
8  of business in Louisiana" and is thus "citizens of Texas or Louisiana." (Notice of Removal
9  ¶ III.A.4.) For its own part, Defendant alleges that it is an LLC "headquartered in Alaska,"
10 presumably attempting to imply that it is a citizen of Alaska. (Notice of Removal ¶ III.A.5.)
11 These allegations are legally incorrect and insufficient to demonstrate the Court's subject
12 matter jurisdiction over this case. Accordingly, the Court will remand this case to state
13 court. 28 U.S.C. § 1447(c).

14       I**T IS THEREFORE ORDERED** directing the Clerk of Court to remand this case
15 to Maricopa County Superior Court.

16       Dated this 5th day of December, 2024.

Honorable John J. Tuchi
United States District Judge